UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
JUN 30 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| STEPHEN CAMERON ZYSZKIEWICZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.  20-1599 (UNA) |
| ) | |
| ) | |
| WILLIAM PELHAM BARR *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioner, appearing *pro se*, has filed a Petition for Declaratory Judgment, Writ of Mandamus, and Review, and an application to proceed *in forma pauperis*.  The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

A writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."  28 U.S.C. § 1361.  Mandamus actions are reserved for "extraordinary situations."  *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (internal quotation marks omitted).  Mandamus relief is warranted where "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff."  *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002) (citations and internal quotation marks omitted).  The "word 'duty' in § 1361 must be narrowly defined, and [the] legal grounds supporting the government's duty to [petitioner] must 'be clear and compelling.' "  *In re Cheney*, 406 F.3d at 729 (citations omitted).  The petitioner

1

bears the burden of showing that his right to the writ is "clear and indisputable." *Id*. Even if the requirements for mandamus are present, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *In re Hawsawi*, 955 F.3d 152, 156 (D.C. Cir. 2020) (internal quotation marks and citation omitted).

Petitioner is a former California prisoner who is subject to terms of probation in Fresno County, California. *See* Pet., ECF No. 1 at 11-12.[1] As a result, his use of "doctor-recommended medical marijuana . . . could result in further incarceration." *Id*. at 12. Petitioner seeks an order to compel the Drug Enforcement Administration (DEA) to comply with 21 U.S.C. §§ 811, 812 by rescheduling or removing "marijuana from the list of controlled substances due to its safe and effective medical usage." Pet. at 35. Petitioner purports to seek relief on behalf of "similarly situated" users of marijuana. *Id*. at 14. As a *pro se* litigant, however, petitioner cannot prosecute the claims of other individuals or the marijuana industry, nor can he act as a class representative. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class.") (citation omitted)).

Petitioner has shown neither a clear right to relief nor a clear duty for the government to act. *See, e.g., United States v. Wables*, 731 F.2d 440, 450 (7th Cir. 1984) (holding that "the proper statutory classification of marijuana is an issue that is reserved to the judgment of Congress and to the discretion of the Attorney General"). In addition, petitioner has an adequate

---

[1] All page citations are those automatically assigned by the Electronic Case Filing system.

remedy under the Controlled Substances Act (CSA), which he claims to have pursued to final action, Pet. at 7-8, that is reviewable by the D.C. Circuit or another appropriate circuit court. *See John Doe, Inc. v. Drug Enforcement Admin.*, 484 F.3d 561, 568 (D.C. Cir. 2007) ("21 U.S.C. § 877 vests exclusive jurisdiction in the courts of appeals over '[a]ll final determinations, findings and conclusion' of the DEA applying the CSA.'"). Consequently, no basis exists for granting mandamus or declaratory relief. *See Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) ("It is a 'well-established rule that the Declaratory Judgment Act is not an independent source of federal jurisdiction. Rather, the availability of [declaratory] relief presupposes the existence of a judicially remediable right.") (internal quotation marks and citations omitted, brackets in original)). Accordingly, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

        SIGNED:    EMMET G. SULLIVAN
        UNITED STATES DISTRICT JUDGE

DATE: June 30, 2020